IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        Plaintiff,

ORDER

3:07-cv-00685-bbc
3:04-cr-00164-bbc

    v.

RAUL ROMERO,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Raul Romero has filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255. He contends that he was sentenced illegally when the court took into consideration matters not found by the jury or admitted by him in his plea agreement. Defendant objects to the court's determination that his relevant conduct included at least 2.5 kilograms of cocaine, that he obstructed justice by beating a potential witness and that he did not accept responsibility for his criminal conduct.

Unfortunately for defendant, he cannot proceed on his postconviction motion because he either raised or could have raised in his direct appeal all of the issues he seeks to raise here.  "'A § 2255 motion is "neither a recapitulation of nor a substitute for a direct

1

appeal.'" Varela v. United States, 481 F.3d 932, 935-36 (7th Cir. 2007) (quoting McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). In the absence of changed circumstances (none of which are present in this case), issues that were raised on direct appeal may not be reconsidered on a § 2255 motion. Id. (citing Olmstead v. United States, 55 F.3d 316, 319 (7th Cir.1995); Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992)).

Defendant appealed from his sentence, raising the issue of the amount of cocaine for which he was held responsible and the court's refusal to give him a three-level reduction for acceptance of responsibility. He did not contest the court's enhancement of his offense level for obstruction of justice. The court of appeals found that the amount of cocaine for which he was held responsible was well supported by the evidence. In fact, the court questioned why the United States Attorney had "acquiesced to the under-reporting of [defendant's] relevant conduct in the PSR." United States v. Romero, 469 F.3d 1139, 1149 (7th Cir. 2006).

The court of appeals found ample support for denying defendant a reduction in his offense level for acceptance of responsibility. For the same reasons that it found that it was appropriate to conclude that defendant had been involved in more than 2.5 kilograms of cocaine, it agreed with this court that his challenge to the refusal to give him an acceptance of responsibility reduction was frivolous.

Now that the court of appeals has decided these matters, defendant is barred from raising them again for consideration. The court of appeals' decision is the law of the case, not subject to review by a lower court. Prewitt v. United States, 83 F.3d 812 (7th Cir. 1996).

Defendant did not raise on appeal the issue of the two-point enhancement of his sentence for obstructing justice, but could have done so. Therefore, he is barred from raising it in a postconviction motion unless he can show both cause and prejudice for his failure to assert it on appeal or if a refusal to consider the issue would lead to a fundamental miscarriage of justice. Reed v. Farley, 512 U.S. 339, 354 (1994); Prewitt, 83 F.3d at 816.

Defendant says that his appellate counsel was ineffective for failing to raise the issue. In some situations, this allegation would be enough to provoke further inquiry, but not in this one. Even if counsel's failure to make the argument constituted good "cause" for defendant's failure to raise the issue on appeal, it would not amount to prejudice. This is because the government had strong and compelling evidence that defendant had participated in the beating of Ramon Cruz, a potential witness to defendant's drug dealing. Even assuming that appellate counsel failed to raise this issue by omission, rather than after evaluating its chances of success, counsel's failure would not constitute prejudice, given the strength of the evidence against defendant. Police reports and Cruz's statements to the police supported the conclusion that defendant and nine other individuals attacked Cruz and

3

that defendant had stuck a pistol into Cruz's mouth, after which Cruz was pistol whipped.

As to defendant's contention that it was error for the court to enhance his sentence on the basis of information that he had not admitted in his plea agreement, this argument was foreclosed by the United States Supreme Court in United States v. Booker, 543 U.S. 220 (2005). In that case, the Court held that the sentencing guidelines were advisory in nature and because they did not mandate the imposition of a particular sentence, they did not limit a sentencing judge's authority to exercise broad discretion in sentencing. Under Booker, it is proper for a judge to consider facts about the defendant that are relevant to the sentencing decision but have not been found by the jury. Id. at 234.

ORDER

IT IS ORDERED that defendant Raul Romero's motion for postconviction relief pursuant to 28 U.S.C. § 2255 is DENIED for defendant's failure to show that he is in custody illegally.

Entered this 12th day of December, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge